UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HOUSTON BYRD,

    Plaintiff,

v.

    Case No.: 2:18-cv-00950
    JUDGE GEORGE C. SMITH
    Magistrate Judge Jolson

MAUREEN O'CONNOR, Chief Justice,
Supreme Court of Ohio,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 5) of this Court's August 30, 2018 Order Denying Plaintiff's Motion for Leave to Proceed in forma pauperis ("Motion for Leave") (Doc. 4) and the subsequent Motion to Dismiss of Defendant Maureen O'Connor (Doc. 7). Plaintiff has filed numerous other motions, including: Motion for Three Judge Panel (Doc. 3), Motion for Findings (Doc. 9), Motion for Judgment on the Pleadings (Doc. 10), Motion to Change Venue (Doc. 11), Motion for Judgment Order (Doc. 14) and Motion for Contempt of Court (Doc. 16). For the following reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration and the Court **GRANTS** Defendant's Motion to Dismiss.

### Plaintiff's Motion for Reconsideration

Plaintiff urges this Court to reconsider his Motion for Leave to Proceed in forma pauperis. (Doc. 2). The Motion for Leave was denied as moot by the Magistrate Judge as Plaintiff "already paid the filing fee." (Doc. 2). A motion for reconsideration is an opportunity for the court to "rectify its own mistakes in the period immediately following the entry to

judgment" not an opportunity for the Plaintiff to re-litigate issues previously considered. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982); *Macdermid Inc. v. Electrochemicals Inc.*, Nos. 96-3995, 96-4072, 142 F.3d 435 (Table), 1998 WL 165137, at*6 n. 7 (6th Cir. 1998). There are limited situations in which a court will grant a motion for reconsideration, such as "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). None of these situations are present here. Plaintiff argues that he sent the check for the filing fee with a cover letter which stated "Check No. 2680 for fee enclosed, please return when in forma request is approved." (Doc. 5, Mot. for Reconsideration at 1). Plaintiff maintains that the Court "fraudulently usurped their authority by prematurely cashing the check." (*Id.*) Plaintiff provides no support for the fraud allegation and the cover letter referenced is not attached to the Motion for Reconsideration. The Court will only reconsider a prior motion under limited circumstances and Plaintiff has not made any allegations that fall within the aforementioned categories. Therefore, Plaintiff's Motion to Reconsider is denied.

## Defendant's Motion to Dismiss

Defendant moves for dismissal based on lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Defendant argues that this Court does not have jurisdiction to hear the case "because such a claim does not involve a federal question or diversity of citizenship." (Doc. 7, Mot. to Dismiss at 3). In the Complaint, Plaintiff appears to argue that the 14th Amendment's Equal Protection Clause has been violated and calls for "an investigation into the workings of Ohio Judicial system due to no oversight of fraud and perjury." (Doc. 1, Compl. at 4). In order for a federal court to have jurisdiction, the case must

2

involve a federal question or the parties must be of diverse citizenship. 28 U.S.C. §§ 1331, 1332. These parties are not of diverse citizenship and a federal question has not been presented in the Complaint because the Plaintiff does not advance a legal argument under federal law. Although Plaintiff does reference the Equal Protection Clause, that is not sufficient to constitute a claim and advance a federal question. Therefore, this Court lacks subject matter jurisdiction.

Furthermore, Plaintiff also fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 555 U.S. 554, 555 (2007). The Complaint makes little to no factual assertions aside from calling for an investigation into the practices of Ohio courts and does not go beyond "a formulaic recitation of the elements of cause of action." *Id.* There is not enough in Plaintiff's Complaint to "raise the right to relief above a speculative level." *Id.* For these reasons, Defendant's Motion to Dismiss should be granted.

Based on the foregoing, Plaintiff's Motion for Reconsideration is **DENIED** and Defendant's Motion to Dismiss is **GRANTED**. Additionally, Plaintiff's Motions for Three Judge Panel, Findings, Judgment on the Pleadings, Change of Venue, Judgment Order and Contempt of Court are denied as moot. The Clerk shall remove Documents 3, 5, 7, 9. 10, 11, 14 and 16 from the Court's pending motions list and close this case.

**IT IS SO ORDERED.**

                                                  */s/ George C. Smith*
                                                  **GEORGE C. SMITH, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**